UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALI SEKOU HAMANI,<br><br>Petitioner,<br><br>v.<br><br>SUSAN M. SMALLEY,<br><br>Respondent. | Civil Action No. 19-7253 (RBK)<br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner is a former federal prisoner and he is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Respondent filed an Answer opposing relief (ECF No. 4), and Petitioner filed a Reply, (ECF No. 5). For the reasons set forth below, the Court will deny the Petition.

In 2004, Petitioner pleaded guilty to one count of bank robbery, and this Court sentenced him to 180 months in prison, and 3 years of supervised release. *United States v. Hamani*, 173 F. App'x 147, 148 (3d Cir. 2006). Petitioner filed a number of direct appeals and § 2255 motions and received a denial in each case.

On September 21, 2016, the Bureau of Prisons ("BOP") released Petitioner from federal custody, and he began his 3-year term of supervised release. Consequently, Petitioner's term of supervised release should have ended on or about September 20, 2019.

In his Petition, Petitioner seeks an award of good-time credits pursuant to the First Step Act, Pub. L. No. 115-391, § 102, 132 Stat. 5194 (2018). The First Step Act amended 18 U.S.C. § 3624(b) and altered the availability of good-time credits, as well as how the BOP calculates those credits. In particular, the Act increased the maximum allowable good-time credit from 47 days to 54 days per year, and those changes are retroactive. § 102(b)(3).

Petitioner's request for good time credits, however, is moot due to Petitioner's release from prison. *See, e.g.*, *Chapple v. United States*, No. 19-18213, 2020 WL 614552, at *2–3 (D.N.J. Feb. 10, 2020); *Fumea v. Sauers*, No. 13-2463, 2015 WL 7069332, at *1 (M.D. Pa. Nov. 12, 2015). Federal courts may not decide moot issues. *See* U.S. Const. art. III, § 2, cl. 1.; *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). To avoid mootness, a controversy must exist at all stages of review, not only at the initiation of a case. *See Delie*, 257 F.3d at 313.

If circumstances "prevent a court from being able to grant" the request for relief, a court must dismiss the case as moot. *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996)). In other words, a "favorable judicial decision" must be capable of redressing an injury traceable to the respondent. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

In the present case, the Court can no longer grant Petitioner's request for good-time credits. "Good time credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself." *Scott v. Schuylkill FCI*, 298 F. App'x. 202, 204 (3d Cir. 2008). Once a prisoner serves his entire term of imprisonment, a petition seeking an award of good time credits is moot. *E.g.*, *Chapple*, 2020 WL 614552, at *2–3 (citing *Fumea*, 2015 WL 7069332, at *10).

To the extent Petitioner argues that the Court can *directly* reduce his term of supervised release, the Court rejects that claim. Assuming Petitioner is still under supervised release,[1] he may

---

[1] According to Respondent, Petitioner's term of supervised release should have expired in September of 2019, shortly after the filing of Respondent's Answer. Consequently, even if it were permissible to reduce Petitioner's term of supervised release in this manner, that request appears moot.

generally seek modification of his sentence by filing a motion to reduce sentence. *See* 18 U.S.C. §§ 3583(e)(2), 3624.

The Supreme Court, however, has held that "§ 3624, does not permit a court to credit a supervised release term with a period of excess prison time." *Livingston v. Warden, FCI Fairton*, No. 17-1066, 2018 WL 533910, at *3 (D.N.J. Jan. 24, 2018) (citing *United States v. Johnson*, 529 U.S. 53, 58–59 (2000)). The Court emphasized that "supervised release commences on the day the person is released from imprisonment . . .. A term of supervised release *does not run during any period in which the person is imprisoned* . . . unless the imprisonment is for a period of less than 30 consecutive days." *Johnson*, 529 U.S. at 56–57 (emphasis added).

Moreover, the Court reasoned that the "objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release. Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Id*. at 59. Consequently, Petitioner's time spent incarcerated is not interchangeable with time under supervised release. *Burkey v. Marberry*, 556 F.3d 142, 149 (3d Cir. 2009). Accordingly, to the extent Petitioner requests a direct reduction of his term of supervised release, the Court denies that request.

For the foregoing reasons, the Court will deny the Petition. An appropriate Order follows.


DATED: May  22, 2020                                    s/Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge